# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO ROSARIO, | : |
|         Plaintiff, | : CIVIL ACTION |
| v. | : No. 20-2966 |
| ALEX TORRES PRODUCTS, INC., et al., | : |
|         Defendants. | : |

## ORDER

**AND NOW**, this 16th day of July, 2020, upon consideration of Defendants' Motion to Dismiss (ECF No. 8), it is hereby **ORDERED** that the motion is **DENIED without prejudice** because it was not prepared and filed by a licensed attorney.[1]

**IT IS FURTHERED ORDERED** that, **within 14 days of the date of this Order**, a licensed attorney must enter an appearance on behalf of Defendants and Defendants, as represented by counsel, must respond to the Complaint. If Defendants wish to file a 12(b) motion in response to the Complaint, they must follow the process outlined in Judge Goldberg's 12(b) Procedural Order, which is docketed in this case at ECF No. 5.

                                                     **BY THE COURT:**

                                                     */s/ Mitchell S. Goldberg*_____
                                                     **MITCHELL S. GOLDBERG, J.**

---

[1] "A corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (collecting cases); see also Dougherty v. Snyder, 469 F. App'x 71, 72 (3d Cir. 2012). Courts have recognized that the rationale for this rule applies equally to "all artificial entities." See Rowland, 506 U.S. at 202 (citing Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989)); see also id. ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").