UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
EDUARDO ROSARIO                             :
           Plaintiff               :
                                            :
     v.                                    :
                                            :   Civil Action No. 2:20-cv-02966-MSG
                                            :
ALEX TORRES PRODUCTIONS, INC., et al.       :
           Defendants              :
_____


**DEFENDANT'S AMENDED ANSWER WITH NEW MATTER AGAINST PLAINTIFF'S COMPLAINT**

    Defendant, LA GUIRA, INC. d/b/a "RED WINE RESTAURANT," by and through its undersigned counsel, John J. Griffin, Esquire, hereby responds to the Plaintiff's Complaint and asserts the following Amended Answer with New Matter Against Plaintiff's Complaint, as follows:

**PARTIES**

    1.    Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny the Plaintiff's home address nor Plaintiff's physical condition. These averments are therefore denied. Strict proof is demanded at trial.

    2.    Answering Defendant is without sufficient knowledge, information or belief to admit or deny the corporate status nor the location of Defendant's, Alex Torres Productions, Inc., principal place of business. That averment is therefore denied. Strict proof is demanded at trial.

    3.    Admitted.

## JURISDICTION AND VENUE

4. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## FACTUAL ALLEGATIONS

5. Admitted in Part; Denied in Part. Defendant admits it operated a restaurant that was open to the public and located at 701 Adams Avenue, Philadelphia, PA 19124. Defendant denies that it owned, controlled and/or was "exclusively responsible" for a "facility" known as "Red Win Restaurant." Further, to the extent this paragraph includes additional factual allegations and/or conclusions of law, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

6. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

7. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

8. Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny Defendant Torres's business's title, description nor services provided to its alleged customers. That averment is therefore denied. Strict proof is demanded at trial.

9. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

10. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

11. Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny the Plaintiff's alleged purchase of a ticket to an event, any alleged information Plaintiff allegedly obtained and/or Plaintiff's alleged disability. These averments are therefore denied. Strict proof is demanded at trial.

12. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

13. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

14. Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny the Plaintiff's alleged disability and/or the Plaintiff's alleged attendance

and/or activities at the subject premises. These averments are therefore denied. Strict proof is demanded at trial.

15. Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny the Plaintiff's alleged disability and/or the Plaintiff's alleged attendance and/or activities at the subject premises. These averments are therefore denied. Strict proof is demanded at trial.

16. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

17. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

18. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

19. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

20. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

21. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

22. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

23. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

24. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

25. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

26. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

27. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

28.   Denied.  The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.  Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

29.   Denied.  The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.  Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

30.   Denied.  The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.  Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

31.   Denied.  The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.  Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

32.   Defendant incorporates its responses to paragraphs 1 through 31 of Plaintiff's Complaint as if they were set forth at length herein.

33.   Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.  Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

34. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

35. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

36. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

37. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

38. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§ 951-963

39. Defendant incorporates its responses to paragraphs 1 through 38 of Plaintiff's Complaint as if they were set forth at length herein.

40. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

41. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

42. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

43. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

44. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

45. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

46. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

47. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

48. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

49. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

50. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

51. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

52. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

53. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

54. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

55. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## RELIEF REQUESTED

WHEREFORE, Defendant requests this Honorable Court to enter judgment in its favor and against Plaintiff's Complaint. It is further requested that Plaintiff be responsible for all costs and attorney fees incurred by Defendant in this matter and grant any other relief this Court deems just and proper in favor of Defendant.

## DEFENDANT'S NEW MATTER

56. Defendant incorporates its responses to paragraphs 1 through 55 of Plaintiff's Complaint as if they were set forth at length herein.

57. Plaintiff's Complaint fails to state a valid cause of action.

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

59. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

60. Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of failure of consideration.

62. Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

63. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

64. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

66. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

67. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

68. Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness.

WHEREFORE, Defendant requests this Honorable Court to enter judgment in its favor and against Plaintiff's Complaint. It is further requested that Plaintiff be responsible for all costs and attorney fees incurred by Defendant in this matter and grant any other relief this Court deems just and proper in favor of Defendant.

          Respectfully submitted,

By: *John J. Griffin*
JOHN J. GRIFFIN, ESQUIRE
P.O. Box 571
Lafayette Hill, PA  19444
(215) 881-5174
Email:  jakegriffinlaw@gmail.com
Counsel for Defendant La Guira, Inc.

DATE:  August 12, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the within Defendant's Amended Answer with New Matter against Plaintiff's Complaint has been served via electronic mail, by the Court's CM/ECF system, upon the following:

1.     Keith Altman, Esquire
       On behalf of the Plaintiff

DATED: August 12, 2020

BY: *John J. Griffin*
JOHN J. GRIFFIN, ESQUIRE