UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| EDUARDO ROSARIO<br>          Plaintiff<br><br>v.<br><br>ALEX TORRES PRODUCTIONS, INC.,<br>et al.<br>          Defendants | Case No. 2:20-cv-02966-MSG |

## JOINT RULE 26(f) REPORT

**I.     Statement of the Case**

    **a.  Plaintiff's Statement**

Plaintiff filed this Complaint against Defendant, alleging a violation of the Americans with Disabilities Act (hereafter "Count 1") as well as a violation of the Pennsylvania Human Relations Act (hereafter "Count 2").

The Complaint alleges that on February 10, 2019, Plaintiff, a disabled individual allegedly confined to a wheelchair, visited the Defendant's restaurant, located at 701 Adams Avenue, Philadelphia, PA, to attend a comedy show (hereafter the "Show").  Plaintiff was informed about this comedy show through promotions initiated by Defendant, Alex Torres Productions, Inc. (hereafter "Torres").

Plaintiff alleges that it was denied access and entry into Defendant's restaurant and/or to that portion of the restaurant where the Show took place, alleging that Defendant's restaurant restricted Plaintiff's ability to view this Show.

b. **Defendant's Statement**

Defendant alleges it provided Plaintiff with entry and access to not only its restaurant, but to the specific portion of the restaurant where the Show took place. The Show occurred in a large dining area with a stage, located on the lower level of the restaurant. Defendant's restaurant is equipped with a handicap-access ramp. Further, the security personnel that worked during the Show transported Plaintiff to the Show, and placed him in a location that provided a clear, unobstructed view of the entire Show. Plaintiff watched the entire Show, and was provided with food, drink and access to the bathroom. The security personnel and the serving staff offered to assist Plaintiff with anything that he requested. Following the Show, the security personnel transported Plaintiff to the restaurant's exit, from which he was able to leave the restaurant, without issue.

II.     **Subject Matter Jurisdiction**

This Court has jurisdiction pursuant to 42 U.S.C. §12101 et. seq. because the instant case arises under federal law, specifically under the American with Disabilities Act as amended, Subchapter III, § 12182. (42 USC 12182), and its

implementing regulations under 28 C.F.R. § 36.101 et seq. Also, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; and for actions under laws providing for the protection of civil rights as per 28 U.S.C. § 1343. On this matter, the Court has supplemental jurisdiction over claims based in Pennsylvania State Law as stated in 28 U.S.C. § 1367. Declaratory and injunctive relief is also pursued under 28 U.S.C. §§ 2201 and 2202.

### III.   Legal Issues

#### a. Plaintiff's Statement

Plaintiff contents that the key legal issues are (1) whether Plaintiff qualified as disabled providing him the benefits of the ADA and the Pennsylvania Human Relations Act; (2) whether Defendants facilities failed to meet the requirements of ADA and the Pennsylvania Human Relations Act.

#### b. Defendant's Statement

On the date of the Show, Plaintiff submits that the purpose of visiting Defendant's restaurant was to view the Show. Simply put, Plaintiff was not denied access or opportunity to attend the Show, have an unobstructed view of the Show and/or be provided with any food, drink or access to the bathroom, from the beginning to the end of Plaintiff's visit. Therefore, Plaintiff cannot sustain its burden of proof.

### IV.   Parties

#### a. Plaintiff

Plaintiff is Eduardo Rosario.

Aside from any of Defendant's witnesses, Plaintiff does not intend to call other witnesses at this time other than Defendants.

### b. Defendant

Defendant La Guira, Inc. d/b/a Red Wine Restaurant is a restaurant and performance venue located at 701 Adams Avenue, Philadelphia, PA.

Defendant identifies itself and the following as potential witnesses:

1. Yolenny Dominguez – 701 Adams Avenue, Philadelphia, PA.
2. Antonio Dominguez – 701 Adams Avenue, Philadelphia, PA.

### c. Key Documents

#### i. Plaintiff's Statement

- Complete floor plans for Defendant's business.
- Records for the performance at Red Wine Restaurant on February 10, 2019.
- Records for Defendant's employees working on February 10, 2019.
- Any incident reports associated with Plaintiff.
- Defendant's records of compliance with the ADA and the Pennsylvania Human Relations Act.
- Records of code violations for Defendant's business.
- Defendant's policies and procedures for ADA compliance.

#### ii. Defendant's Statement

1. Floor plans and photographs of the Defendant's business.
2. Property records for 701 Adams Avenue, Philadelphia, PA.

## V. Insurance

Plaintiff does not have an applicable insurance agreement.

## VI.     Magistrate Judge

The parties do not mutually consent to the case being assigned to a magistrate judge to preside of this action for all purposes.

## VII.    Discovery

### a. Plaintiff's Statement

Plaintiff does not anticipate the need to deviate from the standard discovery limitations of the Fed. R. Civ P.  Plaintiff intends to notice a deposition of Defendant under Fed. R. Civ. P. 30(b)(6).  Plaintiff further intends to make use of all allowed discovery methods including depositions, requests for production, interrogatories, and requests for admissions.

### b. Defendant's Statement

Defendant shall serve Plaintiffs with written discovery requests, in the form of Interrogatories and Request for Production of Documents regarding witnesses and the evidence supporting Plaintiffs' claims, to Plaintiff's counsel on October 26, 2020.  Defendant further intends to depose Plaintiff.  Based on the responses to that discovery, Defendant may conduct additional depositions and written discovery as appropriate regarding the evidence supporting Plaintiffs' claims and damages.

### c. Parties' Proposed Schedule

(1) Deadline to serve Rule 26 initial disclosures:  November 15, 2020

(2) Deadline to serve non-expert written discovery:  February 15, 2021

(3) Deadline to complete non-expert discovery and file motion to compel: April 1, 2021

(4) Expert disclosure deadline:  May 1, 2021

(5) Rebuttal expert disclosure deadline:  June 1, 2021

(6) Deadline to complete expert discovery and file motion to compel: August 1, 2021.

VIII.     **Motions**

The parties do not currently expect to bring motions other than a motion for summary judgment at the appropriate time.  .

IX.     **Class Certification**

Not applicable.

X.     **Dispositive Motions**

The Parties propose a date of September 1, 2021 for the deadline for dispositive motions

XI.     **Settlement/Alternative Dispute Resolution**

The parties have engaged in settlement negotiations and they continue.  The parties are amenable to ADR and will discuss in more detail if the pending settlement discussions do not succeed.

XII.     **Pretrial Conference and Trial**

The Parties propose the following dates:

(1)  Pretrial Conference:  November 1, 2021

(2) Trial: December 1, 2021

XIII.    **Trial Estimate**

a. **Plaintiff's Statement**

Plaintiff Demands a jury trial. Because discovery has not yet commenced, Plaintiff is unaware of the number of witnesses they will call. Given that Plaintiff has the burden of proof, Plaintiff estimates that it will need three days for its case in chief.

b. **Defendant's Statement**

One day for the presentation of Defendant's case, provided this matter is a bench trial. If the Plaintiff requests a jury trial, Plaintiff estimates it will need no more than Three (3) days to present its case. This estimate is based upon the anticipated absence of Defendant's expert witnesses as well as an absence of significant documents to be admitted into evidence.

XIV.    **Trial Counsel**

a. **Plaintiff**
Keith Altman (CA SBN 257309) (*pro hac vice*)
The Law Office of Keith Altman
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48331
kaltman@lawampmmt.com
516-456-5885

        **b. Defendant**

        **John J. Griffin, Esquire**

        **P.O. Box 571**

        **Lafayette Hill, PA  19444**

        **(215) 881-5174**

        **Email:  jakegriffinlaw@gmail.com**

**XV.     Independent Expert of Master**

The parties do not expect to need an independent expert of master at this time.

**XVI.    Other Issues**

The parties are currently unaware of other issues besides that discussed below but reserve the right to revise or supplement this report.

Electronically Stored Information:  Consistent with Rule 26(f)(3)(C), the parties agree to meet and confer if any issues arise regarding the discovery of electronically stored information (ESI).

Electronic Service Re: Discovery:  Per the Federal Rules of Civil Procedure, the parties agree to electronic service of discovery documents not electronically filed with the court.  Documents that are too large to be served electronically may still be served in hard copy by mail, but hard copies of documents that are served electronically are not needed.

Dated:  October 25, 2020        /s/ Keith Altman
                                Keith Altman
                                The Law Office of Keith Altman
                                *Attorneys for Plaintiff*


Dated:  October 26, 2020

                                /s/ John J. Griffin
                                JOHN J. GRIFFIN, ESQUIRE
                                *Attorney for Defendant La Guira, Inc.*

   The attorney filing this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  October 25, 2020        **/s/ Keith Altman**
                                KEITH ALTMAN
                                *Attorney for Plaintiff*