UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| **EDUARDO ROSARIO** : | |
|           **Plaintiff** : | |
| : | |
| v. : | |
| : | Civil Action No. 2:20-cv-02966-MSG |
| : | |
| **ALEX TORRES PRODUCTIONS, INC., et al.** : | |
|           **Defendants** : | |

**RESPONSE TO ORDER TO SHOW CAUSE**

NOW COME attorneys Keith Altman and Joan Feinstein (Plaintiff's counsels) and file this response to this Court's Order to Show Cause (ECF # 9), and respectfully state the following:

Attorneys hereby respond to Your Honor's Order #29 issued September 30th, 2021. Attorneys will respond to Your Honor's concerns following the same order as established in Order #29:

**I.**     **Failure to accurately certify that there were no related cases in violation of Pennsylvania Rule of Professional Conduct 3.3(a)**

Rule 3.3(a) of the Pennsylvania Rules of Professional Conduct ("PRPC") establishes that "[a] lawyer shall not knowingly…(1) make a false statement of a material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." *Pa. RPC* 3.3(a)(1). In the present case, there was an error in the civil cover sheet. Your Honor rightfully demands an explanation of why counsels should not be subjected to sanctions for violation of PRPC 3.3(a). There are two possibilities, either: i) counsels intended to evade Your Hour's Court, or ii) it was an administrative error:

      *a. There was no intent to evade Your Honor's Court.*

It does not make sense that counsel would want to evade Your Honor's Court when counsel and Plaintiff had a good faith claim to bring before the Court. As explained on numeral II below, counsel (via Plaintiff) had a good faith basis to bring a claim against Alex Torres Productions because there is no prohibition as a matter of law against event promoter's liability and against La Guira, Inc as to the company responsible for the maintenance and condition of the facility that violates the American with Disabilities Act and the Pennsylvania Human Relations Act. If Plaintiff truly intended to evade this Court, Plaintiff could easily have waited more than one year to refile or could have filed the case in New Jersey. Plaintiff did neither of those things suggesting that the erroneous information on the tracking sheet was an administrative error.

      *b. The erroneous information in the Civil cover sheet was a good faith administrative error.*

Rule 3.3(a) of the Pennsylvania Rules of Professional Conduct establishes that "[a] lawyer shall not *knowingly*…(1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Pa. RPC 3.3 (emphasis added). Furthermore, "[a] person acts knowingly if that person acts consciously and voluntarily with an awareness and realization of what was happening and not because of mistake or accident or other innocent reason." *United States v. Hoffecker*, 530 F.3d 137, 181.

Counsel did not knowingly make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Once the matter had been raised, Plaintiff's counsel began to research what had happened. Only after this Court pointed out the error on the tracking sheet was Plaintiff's counsel able to piece together what had happened, leading to the instant response.

When the instant case was filed, neither the paralegal who prepared the documents nor the attorney who signed the document was aware that the case had been previously filed. Counsel genuinely thought they were providing a truthful answer that the case had not been once terminated. This was human error. Counsel became aware of this mistake when this Court pointed it out to them and required explanation.

Given that there was no intent to deceive the Court and that Ms. Feinstein acted in good faith when she signed the tracking sheet, this Court should conclude that the conduct here, while erroneous, was not done in bad faith and should not be the subject of sanctions.

As to Mr. Keith Altman specifically, Mr. Altman was not Plaintiff's counsel when the civil cover sheet and the tracking form were filed. He was to apply to be admitted *pro hac vice*. Mr. Altman did not fill it out, nor was he responsible for the civil cover sheet when it was filed. The Complaint and the civil cover sheet were filed on June 19, 2020, and Mr. Altman submitted his *pro hac vice* application to represent Plaintiff on June 22, 2020. Mr. Altman became Plaintiff's counsel after the error happened and thus should not be subjected to sanctions pursuant to PRPC 3.3(a).

Despite the unintentional error, Plaintiff's counsel acknowledges that the error has caused various difficulties and apologizes for any inconvenience caused to the Court or opposing counsel.

II.     **Failure to Provide Authority in The Complaint Regarding Promoter Liability**

Mr. Altman was not aware of the Court order issued on January 13, 2020 (19-cv-2222 Doc. No. 9) because Mr. Altman was not Plaintiff's counsel in that case. Moreover, Mr. Altman was not involved in the drafting of the present Complaint. Thus, Mr. Altman did not knowingly fail to provide authority in the Complaint regarding promoter liability. Furthermore, Mr. Altman believed (and continues to believe) that the claim was well-grounded in law and fact and has a good faith

basis for believing that Plaintiff has a cause of action against Defendant Torres. *Magerman v. Mercer*, 2018 U.S. Dist. LEXIS 17236, *6.

First, it is not established as a matter of law that event promoters are free from liability. Moreover, there is case law in the 3rd Circuit that establishes that event sponsors have a duty to use ordinary care: "as a general matter, a sponsor-lessee, like any commercial proprietor, owes to third-party invitees 'a duty to use ordinary care to have the premises in a reasonably safe condition.'" *Walters v. George Little Mgmt., LLC*, 2008 U.S. Dist. LEXIS 16971, *15-16 (citing *O'Connell v. New Jersey Sports and Exposition Authority*, 337 N.J. Super. 122, 128, 766). *See also Golonka v. Saratoga Teen and Recreation of Saratoga Springs Inc.*, 249 A.D. 2d 854, 855, 672.

This doctrine distinguishes between active and passive sponsors: "Where it has been established that an event sponsor "had such degree of control [over the event] that [it] could have averted the danger, or such superior knowledge that [it] should have foreseen and given warning of a danger not apparent to the plaintiff," such an active sponsor may be held liable for injuries suffered by invitees at the event…By contrast, in cases where "the defendant sponsors could not have exercised any authority or control over the conduct" at the event, the sponsors' liability for attendees' injuries has been held not to attach.". *Walters* (internal citations omitted).

Based on this doctrine, counsels and Plaintiff genuinely believed a good faith basis for the claim against Defendant Torres. During discovery, Plaintiff will learn more about the contractual relationship between Defendant La Guira and Defendant Torres and establish more accurately the extent of Defendant Torres' liability to Plaintiff.

### III. Mr. Altman's Address on the Docket and in Pro Hac Vice Application.

The reason why Mr. Altman's address listed on the docket is the Lento Law Firm in Philadelphia, but his application for *pro hac vice* lists his practice as The Law Firm of Keith

Altman in Farmington Hills, Michigan is an error due to the following: Mr. Altman used to work as Of-Counsel for the Lento Law Firm. However, in March 2021, Mr. Altman stopped working as an Of-Counsel to the Lento Law Firm. Mr. Altman and the Lento Law Firm agreed to represent Plaintiff jointly. This is why there is confusion regarding the addresses. Mr. Altman will correct this error.

IV.     **Request for Ms. Feinstein to Appear by Video**

Respectfully, Ms. Feinsteing rwuests that the Court allow her to appear by video at the November 10, 2021 hearing.  Ms. Feinstein is suffering from serious medical condition for which her physicians have advised her not to attend Court live.  She has been further advised nor even to see her clients in person.  Mr. Altman will be at the Court in person and will be addressing the Court.  Given Ms. Feinstein's medical condition and <r Altman's live presence, Ms. Feinstein respectfully asks the Court to be allowed to attend by video conference.

V.      **Conclusion**

Based on the foregoing, Mr. Altman and Ms. Feinstein hereby request this Court to not impose sanctions for the alleged violation of PRPC 3.3(a) and for failing to provide authority regarding promoter's liability.

WHEREFORE, the undersigned counsels, respectfully request that this Court ender an Order, finding that the Plaintiff has established Good Cause for (1) failure to accurately certify that there were no related cases in violation of Pennsylvania Rule of Professional Conduct 3.3(a); and (2) failure to provide authority in the Complaint regarding promoter liability as ordered by the Court on January 13, 2020 (19-cv-2222 Doc. No. 9).

Dated: October 25, 2021.                                    Respectfully Submitted,

                THE LAW OFFICE OF KEITH ALTMAN

By:    */s/ Keith Altman*
       Keith Altman (P81702)
       The Law Office of Keith Altman
       Attorney for Plaintiff
       33228 West 12 Mile Road, Suite 375
       Farmington Hills, Michigan 48334
       Telephone: (516) 456-5885
       keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, I electronically filed the foregoing document with the United States District Court and that a true copy of said document was sent to all parties through the Court's CM/ECF system.

By: */S/ Keith Altman*

KEITH ALTMAN, ESQ

The Law Office of Keith Altman

33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (516) 456-5885
keithaltman@kaltmanlaw.com